IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

vs.

STANLEY E. JOHNSON,

Defendant.                                                              No. 02-CR-30117-DRH

**MEMORANDUM and ORDER**

**HERNDON, Chief Judge:**

Pending before the Court is Johnson's motion for reduction of sentence pursuant to Title 18 U.S.C.S. [sic] 3582(c)(2) based on the clarifying amendments, section 4A1.1(f) (Doc. 41). Johnson appears to argue that the Court should reduce his sentence because **U.S.S.G. Section 4A1.1(f)** was applied incorrectly to his case and the clarifying amendments explains the correct way to apply the guideline provision. Based on the following, the Court dismisses the motion for lack of jurisdiction.

Once a district court enters final judgment it lacks jurisdiction to continue to hear related issues, except to the extent authorized by statute or rule. **See Carlisle v. United States, 517 U.S. 416 (1996)**. **18 U.S.C. § 3582** defines the circumstances under which district courts may modify sentences and otherwise *prohibits* district courts from doing so, unless "expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure;" **18 U.S.C. § 3582(C)(1)(B)**.

Section **3582(c)(2)** provides:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 944(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, *if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission*.

**18 U.S.C. § 3582(c)(2) (emphasis added);** *see United States v. Tidwell*, **178 F.3d 946, 949 (7th Cir. 1999)**.

The Court finds that Johnson is not entitled to relief under **§ 3582(c)(2)**. None of the bases set forth in section 3582 for modification of a sentence is applicable here. Section **1.B1.10** of the United States Sentencing Guidelines ("U.S.S.G.") is the relevant "policy statement" here. That section specifically and exhaustively list the amendments whose retroactive application under section 3582(c)(2) is authorized. **See U.S.S.G. §1B1.10(c)**. It further provides that, "[i[f none of the amendments listed in subsection (c) is applicable, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) is not consistent with this policy statement and thus is not authorized." **U.S.S.G. § 1B1.10(a)**.

The Court assumes that Johnson is referring to Amendment 651 which *inter alia* amended **U.S.S.G. § 4A1.1** and went into effect on October 27, 2003 (after Johnson's July 18, 2003 sentencing). Amendment 651 does not apply retroactively pursuant to section **§ 3582** because it is not included in **section 1B1.10(c)**'s list of

retroactively applicable amendments. Therefore, this Court is without jurisdiction to entertain Johnson's motion and neither **18 U.S.C. § 3582** nor the amended **U.S.S.G. § 4A1.1** provides any basis for the requested modification of Johnson's sentence. ***See, e.g., Ebbole v. United States*, 8 F.3d 530, 539 (7th Cir. 1993)(declining to apply U.S.S.G. § 3E1.1 retroactively on grounds that amendment to section did not appear in list of amendments in section 1B1.10(d))** .

Accordingly, the Court dismisses for lack of jurisdiction Johnson's motion for reduction of sentence pursuant to Title 18 U.S.C.S. [sic] 3582(c)(2) based on the clarifying amendments, section 4A1.1(f) (Doc. 41).

**IT IS SO ORDERED.**

Signed this 28th day of November, 2007.

/s/      *David R Herndon*

**Chief Judge**
**United States District Court**