IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

v.

STANLEY E. JOHNSON,

Defendants.                                            No. 02-CR-30117-DRH

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

On February 28, 2008, Stanley E. Johnson, pro se, filed a motion under 18 U.S.C. § 3582(c)(2) for reduction of sentence based on retroactive guideline amendment, effective November 1, 2007, concerning cocaine base ("Crack") (Doc. 43). The Court appointed counsel to represent Johnson on the issue of a sentencing reduction in light of the amendments to the United States Sentencing Guidelines, and counsel has now moved to withdraw on the basis that he can make no non-frivolous arguments in support of a reduction pursuant to 18 U.S.C. § 3582(c). **See Anders v. California, 386 U.S. 738, 744 (1967)**. Johnson did not respond to the motion to withdraw, even though he was given an opportunity to do so.

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." In doing so, the Court

must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission." **18 U.S.C. § 3582(c)(2)**. Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria: (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission. If the defendant cannot satisfy the first criterion, the Court has no subject matter jurisdiction to consider the reduction request. ***United States v. Lawrence*, 535 F.3d 631, 637-38 (7th Cir. 2008);** see ***United States v. Forman*, 553 F.3d 585, 588 (7th Cir.), *cert. denied sub nom McKnight v. United States*, 129 S.Ct. 1924 (2009)**.

Johnson cannot satisfy the first criterion because he was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." **18 U.S.C. § 3582(c)(2)**. Amendments 706 and 711 amended U.S.S.G. § 2D1.1(c) as of November 1, 2007, to lower by two points the base offense levels associated with various amounts of crack cocaine. The Sentencing Commission amended U.S.S.G. § 2D1.1(c) intending to alter the disparity in sentences involving crack cocaine and sentences involving powder cocaine. Johnson, however, was sentenced based on his base offense level set forth in U.S.S.G. § 4B1.1 ("Armed Career Offender"), not his base offense level set forth in U.S.S.G. § 2D1.1. Thus, his guideline range has not

been lowered, and he cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction. The Court lacks subject matter jurisdiction to consider his reduction request. *See Forman*, **553 F.3d at 588;** *Lawrence*, **535 F.3d at 637-38**.

The Court therefore **GRANTS** counsel's motion to withdraw (Doc. 46) and **DISMISSES** the motion for sentence reduction (Doc. 43) for **lack of jurisdiction**.

**IT IS SO ORDERED.**

Signed this 17th day of February, 2010.

/s/  David R. Herndon
**Chief Judge
United States District Judge**