# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.**

**STANLEY E. JOHNSON,**

**Defendants.**                                              **No. 02-CR-30117-DRH**

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

On January 4, 2011, Stanley E. Johnson, pro se, filed a motion under 18 U.S.C. § 3582(c)(2) of Senate Bill § 1789, the Fair Sentencing Act of 2010 to modify, adjust or correct his sentence due to the 18 to 1 crack cocaine/powder cocaine ratio disparity (Doc. 50). Based on the following, the Court dismisses for lack of jurisdiction Johnson's motion.

Once a district court enters final judgment it lacks jurisdiction to continue to hear related issues, except to the extent authorized by statute or rule. ***See Carlisle v. United States*, 517 U.S. 416 (1996)**. **18 U.S.C. § 3582** defines the circumstances under which district courts may modify sentences and otherwise *prohibits* district courts from doing so, unless "expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." **18 U.S.C. § 3582(C)(1)(B)**. Section **3582(c)(2)** provides:

in the case of a defendant who has been sentenced to a term of

imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 944(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, *if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission*.

**18 U.S.C. § 3582(c)(2) (emphasis added);** *see United States v. Tidwell*, **178 F.3d 946, 949 (7th Cir. 1999)**. Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria: (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission. If the defendant cannot satisfy the first criterion, the Court has no subject matter jurisdiction to consider the reduction request. ***United States v. Lawrence*, 535 F.3d 631, 637-38 (7th Cir. 2008);** *see United States v. Forman*, **553 F.3d 585, 588 (7th Cir.),** *cert. denied sub nom McKnight v. United States*, **129 S.Ct. 1924 (2009)**.

The Court finds that Johnson is not entitled to relief under **§ 3582(c)(2)**. None of the bases set forth in section 3582 for modification of a sentence is applicable here. As set forth previously in this Court's February 17, 2010 Order dismissing for lack of jurisdiction a previous motion to reduce filed in this case, Johnson was sentenced based on his base offense level set forth in U.S.S.G. § 4B1.1 ("Armed Career Offender"), not his base offense level set forth in U.S.S.G. § 2D1.1. Thus, his guideline range has not been lowered, and he cannot satisfy the

first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction. Moreover, the Fair Sentencing Act, which amended U.S.S. G § 2D1.1, went into effect on November 1, 2010 (long after Johnson's July 18, 2003 sentencing).[1] The Fair Sentencing Act does not apply retroactively. ***See United States v. Bell*, 624 F.3d 803, 814 (7th Cir. 2010)**. Therefore, this Court is without jurisdiction to entertain Johnson's motion and neither **18 U.S.C. § 3582** nor the the Fair Sentencing Act provides any basis for the requested modification of Johnson's sentence.

Accordingly, the Court **DISMISSES for lack of jurisdiction** Johnson's 18 U.S.C. § 3582(c)(2) motion of Senate Bill § 1789, the Fair Sentencing Act of 2010 to modify, adjust or correct his sentence due to the 18 to 1 crack cocaine/powder cocaine ratio disparity (Doc. 50).

**IT IS SO ORDERED**.

Signed this 28th day of February, 2011.

David R. Herndon
2011.02.28 12:03:46
-06'00'

**Chief Judge
United States District Judge**

---

[1] The Fair Sentencing Act amended the Controlled Substances Act by resetting the drug quantities required to trigger mandatory minimum sentences, including increasing the minimum quantity of crack required to trigger the mandatory minimum sentence from 5 grams to 28 grams.